THE GOODYEAR TIRE & RUBBER CO. *v.* McGUFFIN.

(Decided January 22, 1929.)

*Messrs. Commins, Brouse, Englebeck & McDowell,* for plaintiff in error.

*Messrs. Wanamaker & Russell,* for defendant in error.

PARDEE, J. The parties sustain positions in this court the reverse of those in the court of common pleas, but will be referred to in this opinion as plaintiff and defendant, as they were in that court.

The plaintiff, George A. McGuffin, was an employee of defendant, working in its Akron factory, and while in the course of his employment on March 3, 1921, fell and received injuries. The defendant had fully complied with the Workmen's Compensation Law, and had undertaken to pay direct to its employees as provided by that law.

The plaintiff, as required by law, made application to the commission for compensation, and it made him allowances from time to time, up to and including July 2, 1924. Thereafter, and in due time and proper order, he asked the commission for a further allowance, claiming to be totally disabled, or permanently partially disabled. This claim was denied by the commission, and, upon appeal to the court of common pleas, the plaintiff was found by the jury to be suffering from a partial disability as a result of his injuries suffered at the time and under the circumstances indicated, and, further, that his earning capacity had been partially impaired and that said impairment would continue for a period of seven years from and after the date that the last allowance of the commission ceased.

The defendant claims:

First. That the plaintiff did not show by sufficient evidence that the disability from which he suffers was due to injuries received in the course of his employment.

Second. That the charge of the court was prejudicial to the defendant, in that it did not specify conditions under which a verdict might be rendered for the defendant.

Third. That the form of the verdict prepared and submitted by the trial judge, and returned by

the jury, was prejudicial. The form of the verdict in part is as follows:

"We * * * find * * * in favor of the plaintiff and * * * that the plaintiff in the course of his employment * * * suffered injuries and that said injuries have resulted in a partial disability and have impaired the earning capacity of said plaintiff during the continuance thereof ($6.25) Six 25/100 Dollars per week, and that said partial impairment of the earning capacity of the said plaintiff has continued or will continue from and after July 2, 1924, for a period of seven years."

The claim made is that the jury did not have the right to cover any period of time other than from the 2d day of July, 1924, up to the date when the Industrial Commission ruled against him, to wit, November 25, 1925.

As to the first claim of the defendant:

From our reading of the evidence contained in the bill of exceptions, we cannot say that the jury were manifestly wrong, as there is evidence in the record showing when and how the plaintiff received the injuries alleged, and also showing the same to be of a serious nature, and that the plaintiff is still suffering therefrom. If the jury believed this evidence, they were fully warranted in rendering the verdict they did.

Second. As to the charge of the court, we have carefully read the charge and applied it to the evidence offered in the case, and, while it might have been fuller, still we are of the opinion that the court stated the issues sufficiently, and that the jury fully understood them and were not misled; there-

fore the defendant was not prejudiced by the charge as given.

This, then, takes us to the last and most serious claim of the defendant. This claim of the defendant, as stated in its brief, is as follows:

"This form of verdict could not, we claim, cover any period of time other than from the 2nd day of July, 1924 * * * up to the date when the Industrial Commission ruled against him, namely, the 25th day of November, 1925 * * *. Our point on this particular subject is that the appeal, under General Code Section 1465-90 is from the action of the Industrial Commission. There is no jurisdiction to consider other matters than were involved herein before the Industrial Commission at the time of its final order * * * or at the very most, to the facts which were presented to the jury at the time of the trial.

"In this case, the court endeavored to cover a period in the future, far beyond the time of the trial, and in so doing, the court assumed jurisdiction which was not granted under General Code Section 1465-90."

And in its reply brief, the defendant states:

"The reasons why we maintain that the jurisdiction of the jury should be limited, are as follows:

"First: An appeal should not, on principle, confer greater jurisdiction upon the jury than the original tribunal had. The scope of the Workmen's Compensation Act is entirely within the range of compensation, and not a wagering adventure between the employer and the employee. It is possible that the employee might recover. He should not, then, profit at the expense of the state fund, if it is a

state fund case, or at the expense of the employer, if it is a case of a self-insurer.

"If the verdict of the jury is prospectant in its scope, any adjustment which might accrue by reason of the recovery of the claimant, is impossible, because, on the theory contended for by defendant in error, the finding of the jury is a fixed, rigid and complete matter. If they find that the claimant is permanently and totally disabled, that verdict is incapable of correction, if the claimant recovers fully and the facts show that the jury was actually mistaken in their interpretation of the evidence.

"This is one of the situations, for the relief of which Section 1465-86 of the General Code was enacted. The point is, that the Industrial Commission could not have made a finding which was incapable of correction. It is illogical, therefore, that the jury should have greater power on appeal than the commission had."

At the time the law creating the state insurance fund for the benefit of injured and the dependents of killed employees was passed, in the year 1911, and the state liability board of awards was created (102 Ohio Laws, 524), provision was made for an appeal, in certain cases, to the court of common pleas of the county where the injury was inflicted, and, if determined in the claimant's favor, compensation was fixed within the limits and under the rules prescribed in the law; and the judgment so rendered was paid by the board of awards out of the state insurance fund in the same manner as its own awards were paid.

The law as amended and in force at the time this accident occurred, and therefore applicable to it,

was passed in the year 1919 (108 Ohio Laws, pt. 1, 322). This law gave the right of appeal to a claimant against an employer who had duly elected to pay compensation direct to his injured employee, if the commission denied his application.

Under the constitutional amendment which was adopted by the people in 1912, and as subsequently amended by the people in 1923 (see Article II, Section 35, Constitution), the Legislature was given the right to pass a workmen's compensation law, and exclusive power was given it to provide the procedure, and the rules and regulations incident thereto, and to determine the rights of claimants. Under this constitutional grant of power, the Legislature passed the Workmen's Compensation Law of 1913 (103 Ohio Laws, 72), as an amendment to the original law of 1911 (102 Ohio Laws, 524), and has from time to time since that date amended said law. Under this grant of power it is not necessary for the Legislature to provide for an appeal or review of the decision of the Industrial Commission in any case, and so far it has not granted this right to a self-insurer, and probably never will, as such a right would be contrary to the spirit of the Workmen's Compensation Law; and the Legislature may, if it sees fit, take away entirely the present procedure in regard to appeals, or it may provide that appeals may be heard by the common pleas judge without a jury, or provide some other body to which appeals may be taken, the decision of which shall be final. So it is entirely within the jurisdiction of the Legislature to give to the jury the right to determine the question of the liability of the defendant, and, if the liability is found in favor of the claimant, the amount

of that liability. The Legislature may provide also that the compensation so determined shall be payable either in installments or in gross, and the maximum amount thereof; and, if in installments, it has the power to say whether the amount found by the jury shall be determined as of a fixed day, and, if a partial disability, its probable duration.

This being so, it is perfectly competent for the Legislature to confer upon the common pleas court, as the appellate board of awards, more or less jurisdiction than is conferred upon the Industrial Commission in the first instance, and to give to the court the power to make its finding conclusive and binding, as in the ordinary civil action.

The Legislature seems to have exercised the power given it by these constitutional amendments, frequently changing the procedure, and from time to time has increased the amount of compensation payable, and has provided in certain cases that the compensation shall not continue for more than a definite period of years from the date of the injury, and in other cases that the compensation in the aggregate shall not exceed a certain sum.

Having these principles in mind, what was the law at the time this injury occurred, and applicable to it in this respect? It was as follows:

"If a verdict is rendered in favor of the claimant or claimants, compensation shall be fixed within the limits under the rules prescribed in this act; and any final judgment so obtained shall be paid by the employer." Section 1465-90, General Code, 108 Ohio Laws, pt. 1, 322.

In our opinion this section expressly confers upon the jury the power to determine the liability or non-

liability of the employer, and, if the jury determine that the employer is liable, it gives them the right to fix compensation of the employee, in cases of partial disability, and the probable duration of such disability, and to determine the impairment of his earning capacity during its continuance—so long as the amount payable to said employee does not exceed in the aggregate more than $3,750. Section 1465-80, General Code.

The jury in this case found from the evidence that the claimant's injuries resulted in partial disability, found the amount of the impairment of his earning capacity, during the continuance of said disability, and fixed the time that said disability would probably continue as seven years.

This, in our judgment, was strictly in accordance with the power given them under above section, and as approved by the Supreme Court in *Roma* v. *Industrial Commission,* 97 Ohio St., 247, 119 N. E., 461. The only power of review given to the defendant is by a petition in error filed in the Court of Appeals of Summit county; and, if the judgment rendered in the court of common pleas is affirmed by the Court of Appeals, and not modified by the Supreme Court of this state, the judgment so rendered has the same force and legal effect as any other judgment rendered in the court of common pleas; and the fact that provision is not made in said law for a modification of said judgment by said court, if subsequent facts should justify the same, is a matter for the Legislature, not for the courts, to remedy. The General Assembly seems to have provided that, so long as the case is within the jurisdiction of the Industrial Commission, said commission has contin-

uing power to modify its judgment previously rendered, so as to do justice between the parties, and, if the Legislature has not yet seen fit to give to the Industrial Commission power over a judgment of the court of common pleas, rendered in favor of the claimant, if subsequent facts would seem to justify such a modification in favor of the defendant, application must be made to the Legislature to correct this situation, as the courts do not have power to do so. But whether or not the commission does have continuing jurisdiction over judgments similar to the one entered in this case it is not necessary for us to determine, as that question is not before us.

Not finding any errors in the record prejudicial to the defendant, the judgment is affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and FUNK, J., concur.